**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 10, 2008

Evan Georgopoulos, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

      Re: McCourt Construction Co., Inc. d/b/a/ McCourt/Obayashi Joint Venture

Dear Mr. Georgopoulos:

CR08- 10047-RGS

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, McCourt Construction Company Inc. d/b/a McCourt/Obayashi Joint Venture ("Defendant"). The Agreement is as follows:

1.     Entry of Plea

      At the earliest practicable date, Defendant agrees to waive prosecution by indictment and to plead guilty to a one count Information charging the defendant with violating Title 18, United States Code, Section 286 (Conspiracy to defraud the Government with respect to claims) a copy of which is attached hereto as "Exhibit A." Defendant expressly and unequivocally admits that it in fact knowingly, intentionally and willfully committed the crime charged in the Information, and is in fact guilty of that offense.

2.     Penalties

      Defendant is subject to a fine of $500,000, or twice the gross gain derived from the offense or twice the gross loss to a person other than the defendant, whichever is greatest. See 18 U.S.C. §§ 3571(c) and (d). The parties take the position that the gross loss resulting from the offense is approximately $314,494.54, and the maximum fine is, therefore, $628,989.08. This position is based on the fact that Defendant's claims packets, as set forth in the Information, included false information from which the Defendant also profited.

The Defendant is also subject to a maximum term of probation of five years, and a special assessment of $400. The Court may also order the defendant to pay restitution to the victims of the offense.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

a.    The Guideline Manual in effect at the time of defendant's plea should be used in determining the defendant's sentence. See U.S.S.G. § 1B1.11(b)(3).

b.    Per U.S.S.G. § 8C2.4(a), the base fine is the greatest of the amount of fine determined by reference to U.S.S.G. § 8C2.4(d) corresponding to the calculated offense level, the gross pecuniary gain to the organization from the offense, or the pecuniary loss from the offense caused by the organization.

   (1)    Calculated offense level is 18, determined as follows:

      (i)    The base offense level under the fraud guideline is six (6) pursuant to U.S.S.G. § 2B1.1(a)(2).

      (ii)    The pecuniary loss from the offense is in excess of $200,000, but less than $400,000, thereby adding 12 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(G).

      (iii)    The total offense level is 18.

   (2)    Base fine is $350,000, determined as follows:

      (i)    A total base offense level of 18 has a corresponding fine of $350,000 pursuant to U.S.S.G. § 8C2.4(d).

2

   (ii)  Pursuant to U.S.S.G. § 8C2.4(a)(3), the pecuniary loss from the offense caused by the organization was approximately $314,494.54.

   (iii)  The base fine is therefore $350,000 pursuant to U.S.S.G. § 8C2.4(a) which requires the greater of the table amount or the pecuniary loss.

c.  Calculating the Multiplier: 1.2 - 2.4

   (i)  Pursuant to U.S.S.G. § 8C2.5, the culpability score is 8 determined as follows:

    (a)  Base culpability score is 5 pursuant to U.S.S.G. § 8C2.5(a);

    (b)  Add 3 points pursuant to U.S.S.G. §§ 8C2.5(b)(3), in that the unit of the organization within which the offense was committed had 200 or more employees and an individual within substantial authority personnel of the organization participated in and condoned the offenses;

    (c)  Deduct two (2) points pursuant to U.S.S.G. § 8C2.5(g)(2).

    (d)  Total culpability score is 6.

   (ii)  Pursuant to U.S.S.G. § 8C2.6, the appropriate multiplier range associated with a culpability score of 6 is 1.2 to 2.4.

d.  Guideline Fine Range: $420,000 - $840,000.

   (i)  Minimum guideline fine is $420,000, determined pursuant to U.S.S.G. § 8C2.7(a) by multiplying $350,000 by 1.2.

   (ii)  Maximum guideline fine is $840,000, determined pursuant to U.S.S.G. § 8C2.7(b) by multiplying $350,000 by 2.4.

e.  The parties agree that (1) disgorgement pursuant to U.S.S.G. § 8C2.9 is not necessary, (2) there is no basis for a downward departure under the U.S.S.G. and (3) that a fine within the applicable guideline range will result in a reasonable sentence taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

4.      Agreed Recommendation

        The parties agree to recommend that the following sentence is the appropriate disposition
of the Information:

        a.      a criminal fine in the amount of five hundred thousand dollars ($500,000) to be
                paid within one week of the date of sentencing; and

        b.      a mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013, which shall
                be paid to the Clerk of Court on or before the date of sentencing; and

        c.      A three (3) year Term of Probation; and

        d.      Restitution as ordered by the Court.

        The U.S. Attorney and Defendant agree that there is no basis for a departure from the
sentencing range established by the United States Sentencing Guidelines. Accordingly, neither
the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing
Guidelines.

        In the event of an appeal from, or collateral challenge to, Defendant's sentence (despite
the waiver in ¶ 6 below), the U.S. Attorney reserves his right to argue the correctness of
Defendant's sentence and the manner in which the District Court determines it.


5.      Payment of Mandatory Special Assessment

        Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or
before the date of sentencing.

6.      Waiver of Rights to Appeal and to Bring Collateral Challenge

        Defendant is aware that it has the right to challenge its sentence and guilty plea on direct
appeal. Defendant is also aware that it may, in some circumstances, be able to argue that its plea
should be set aside, or its sentence set aside or reduced, in a collateral challenge (such as
pursuant to a motion under 28 U.S.C. § 2255).

        In consideration of the concessions made by the Government in this Agreement,
Defendant knowingly and voluntarily waives its right to appeal or collaterally challenge:

                (1)     Defendant's guilty plea and any other aspect of Defendant's conviction,; 
                        and

      (2)     The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.    <u>Other Post-sentence Events</u>

      a.     In the event that, notwithstanding the waiver provision of ¶6, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶6).

      b.     If notwithstanding the waiver provision of ¶6, the defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the defendant's original sentencing. Thus, for example, the defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing.

      c.     In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

8.    <u>Cooperation</u>

Defendant shall continue to cooperate completely and truthfully in any trial or other proceeding arising out of any ongoing federal grand jury investigation of its current and former officers, agents, and employees.  Defendant shall make reasonable efforts to facilitate access to, and to encourage the cooperation of, its current and former officers, agents, and employees for interviews sought by law enforcement agents, upon request and reasonable notice.  Defendant shall also take reasonable measures to encourage its current and former officers, agents, and employees to testify truthfully and completely before any grand jury, and at any trial or other hearing, at which they are requested to do so by any government entity.

Provided, however, notwithstanding any provision of this agreement, that: (1) Defendant is not required to request of its current or former officers, agents, or employees that they forego

seeking the advice of an attorney nor that they act contrary to that advice; and (2) Defendant is not required to take any action against its officers, agents, or employees for following their attorney's advice.

In addition, Defendant shall furnish to law enforcement agents, upon request and reasonable notice, all documents and records in its possession, custody or control that are relevant to the government's inquiries.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against it in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw its plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10.    Information for Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets.

11.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and plea of guilty to the charges specified in paragraph 1 of this Agreement. The U.S. Attorney agrees to take no position on state or federal regulatory issues regarding suspension or debarment; however, nothing in this Agreement prevents the U.S. Attorney from providing relevant information, upon request, to any state or federal regulatory agency.

12.    Rejection of Plea by the Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following its execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of the guilty plea. Defendant understands that, should it breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by its representatives, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

The Government may, at its sole option, be released from its commitments under this agreement, including, but not limited to, its agreement in this paragraph regarding the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit its conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)    Fails to provide truthful information about its financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

7

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Commits a crime; and/or

(h)     Attempts to withdraw its guilty plea.

14.     Corporate Authorization

Defendant's acknowledgment of this Agreement and execution of this Agreement on behalf of the corporation is attached hereto as Exhibit A.  Defendant shall provide to the Government and the Court a certified copy of a resolution of the Board of Directors of McCourt Construction Company Inc., affirming that the Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Information; and (5) voted to authorize the corporate officer identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.   A copy of the resolution is attached hereto as Exhibit B.  Defendant agrees that a duly authorized corporate officer shall appear on behalf of Defendant and enter the guilty plea and will also appear for the imposition of sentence.

15.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16.     Nature of Conduct

The parties agree that the nature of the conduct alleged in the attached Information involves only monetary fraud and not the quality of work performed by Defendant.

17.     Complete Agreement

This Agreement sets forth the complete and only agreement between the Parties relating to the disposition of this matter.  No promises, representations, agreements or conditions have been entered into other than those set forth in this letter and its attachment (Exhibit A).  This agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This agreement can be modified or supplemented only in a written memorandum signed by the parties or as agreed by the parties on the record in court.

8

If this letter accurately reflects the Agreement entered into between the United States and your client, McCourt Construction Company Inc., please have the authorized representative of Defendant sign the Acknowledgment of Agreement below.  Please also sign as Witness.  Return the original of this letter to Assistant U.S. Eugenia M. Carris of the United States Attorney's Office of the District of Massachusetts.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:   *Diane C. Freniere*
Diane C. Freniere, Chief
White Collar Crime Section

9

## ACKNOWLEDGMENT OF AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of McCourt Construction Company Inc.. The Board has read this Plea Agreement and the attached criminal Information in their entirety and has discussed them fully in consultation with counsel. The Board acknowledges that these documents fully set forth McCourt's agreement with the Government. The Board further states that no additional promises or representations have been made to McCourt by any officials of the Government in connection with the disposition of this matter, other than those set forth in the Plea Agreement.

Richard McCourt, President
McCourt Construction Company Inc.

Dated: 1/29/08

I certify that Defendant's Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Richard McCourt to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

Evan Georgopoulos, Esq.
Greenberg Traurig, LLP
Counsel for McCourt Construction Company Inc.

Dated: 1/29/08

10